SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

MATTHEW INGRAM, JR.  :
2323 Skyland Place, SE
Washington DC 20020  :
                              0004577-06
         Plaintiff  :
                              Civil Action No.
    v.  :                     Calendar
                              Judge
THE DISTRICT OF COLUMBIA  :
Office of the Mayor
Attn: Gladys Herring  :
1350 Pennsylvania Ave, 4th Floor
Washington, DC 20004  :

Office of the Attorney General  :
Attn: Darlene Fields
441 4th Street, 6th Floor  :
Washington, DC 20001

    Defendant.

**COMPLAINT**

(Negligence, Assault, Civil Rights)

### I. Jurisdiction

1. This is a civil action seeking compensatory damages for injuries suffered by Matthew Ingram, Jr. This action arises under the common law of the District of Columbia, 42 U.S.C. Sct. 1983 and the Eighth Amendment of the United States Constitution.

2. This court has jurisdiction over this action pursuant to D.C. Code § 11-921 (1981 Edition).

1

## II. Parties

3.  Plaintiff Matthew Ingram, Jr., is an adult natural person who resides in the District of Columbia.

## III. Factual Background

4.  The Department of Corrections of the District of Columbia is charged by D.C. Code §24-442 (1981 edition) with responsibility for the safekeeping, care, protection, instruction and discipline of all persons committed to its penal institutions. The D.C. Jail is a prison run by the District of Columbia. South One is a high security block at D.C. Jail.

5.  On or about September 27, 2005, at around 11:45am, Mr. Ingram an inmate who was being held on South One, was seized by Sergeants Simpson and Melvin Reese along with other attending Correctional Facility officers and was severely punched, kicked, stomped and thrown down steps all while being handcuffed and chained and thus unable to defend or brace himself. He was then dragged into a nearby Sally port, where Sgt. Simpson proceeded to strike Mr. Ingram on the back of his head with his flashlight and continued to brutally punch and kick him. These acts occurred while the officers were on duty and acting within the scope of their employment.

6.  As a result of the above described assault, plaintiff sustained serious injuries to his entire body. He also suffered extensive bruising to his head, back and legs. Plaintiff continues to suffer from blurry vision, difficulty hearing, severe headaches and chronic back pain, as a result of the savage beating described above.

7. After the assault, plaintiff was denied adequate medical attention. Despite his repeated complaints, Mr. Ingram was not taken to the infirmary for his extensive injuries until October 2nd and was not taken to a hospital, despite his many complaints of severe vision and hearing problems, swollen limbs and pain over his entire body.

8. With respect to Sgt. Reese, the District was well aware of his violent proclivities. In fact, he had engaged in a pattern of brutal conduct with respect to prisoners at the D.C. Jail and particularly those on South One. He insisted on overly intrusive body cavity searches, he frequently used mace on prisoners and he often engaged in assaultive conduct towards prisoners.

9. He humiliated prisoners by withholding toilet paper from them. In some instances he would insist that prisoners underwent a strip search before he would issue toilet paper. The District of Columbia Jail received numerous complaints of unnecessary strip searches conducted by Reese from the D.C. Prisoners Legal Services Project. On May 1, 2003 – according to one of the complaints, Reese allegedly used his hands to conduct a cavity search of an inmate. The inmate asked him to stop, but Reese continued the search and then searched the inmate's cell. When the inmate tried to observe, his head was slammed into a plexiglass window and he was hit many times in the face and chest. Reese was yelling "you bitch ass nigger" as he assaulted the prisoner.

10. In the summer of 2002, it was alleged that Reese pepper sprayed an inmate who asked to see a lieutenant before submitting to a strip search. Reese then proceeded, with another officer, to punch the prisoner repeatedly in the chest and kick him in the back. As a result of these complaints and an internal affairs investigation, Sgt. Reese was transferred out of South

3

One. This incident became known to senior personnel at the D.C. Jail through prisoner complaints.

11. Sgt Reese's violent temperament again came to the attention of the D.C. Jail senior management in 2004. On January 7, 2004 he stood for four hours outside his nurse girlfriend's office inside the Jail, dialing her phone number and telling her to come outside. Police and jail officials had to escort her from the building.. Later that day, Reese threatened to kill her and her girlfriend. He said, " "…I'll come to Gaithersburg and kill both of you bitches, because I am a P.I.M.P. I'll come to Gaithersburg and kill you bitches. You will be a piece of greenery because I am a gangster." Reese later pleaded guilty to misdemeanor attempted threats.

12. Despite this history, the D.C. Jail transferred Reese back into South One in 2005. It did not take long before he resumed his prior practices of excessive use of mace. In one instance, he maced an inmate for taking one minute too long in the shower.

13. Reese and other officers used mace in completely inappropriate ways. To punish inmates for being "combative," for urinating on the floor, for not giving up a skull cap, for climbing on the cell bars, for walking away from a correctional officer, for not taking a shower, for taking too much time in the shower, for refusing to get out of bed, for refusing to go to court, and for asking to see a "whiteshirt." All of this was known to senior management at the D.C. Jail through incident reports, and inmate grievances. However, nothing was done to stop these practices.

14. On September 27, 2005 after Sgt. Reese has strip searched and maced another inmate, a near riot erupted on South One. Inmates were pulled from their cells and beaten with fists, maced and kicked. These inmates included, plaintiff, Andre Miller, Melvin Blackwell, Jerome Luter, Pleasant-Bey and an inmate whose last name is Hall.

4

15. Upon information and belief, these events were videotaped as part of the surveillance system that was in place on South One at the time. Following the incident all the video footage of the incident was erased as part of a deliberate campaign to destroy evidence of these incidents. In addition to the routine videotaping of events on the cellblock, officers were supposed to film all incidents involving the use of force, including cell extractions. The Department of Corrections claimed in a letter to the D.C. Council that the camcorder was not working on September 27, 2003. This claim was false. In fact, either the camcorder was deliberately not used, or again, the tape was deliberately erased.

## COUNT ONE

### (Negligence)

16. Plaintiff hereby incorporates paragraphs 1-15, *supra*, by reference.

17. The aforesaid officers negligently used excessive force, on plaintiff.

18. As a direct and proximate result of the above-described negligence, plaintiff suffered grave bodily injury. He experienced suffering, bodily pain and mental anguish, and has suffered pecuniary loss.

**WHEREFORE**, plaintiff prays for a judgment against defendant awarding compensatory damages in the amount of $1,000,000 (One Million Dollars), costs of this suit, and any other relief deemed appropriate by the court.

## COUNT TWO

### (Assault & Battery)

5

19. Plaintiff hereby incorporates paragraphs 1-18, *supra*, by reference.

20. Defendants assaulted and battered plaintiff in the manner, time and place described above.

21. As a direct and proximate result of the above-described actions, plaintiff suffered grave bodily injury. He experienced suffering, bodily pain and mental anguish, and he has suffered pecuniary loss.

**WHEREFORE**, plaintiff prays for a judgment against defendants awarding compensatory damages in the amount of $1,000,000 (One Million Dollars), costs of this suit, and any other relief deemed appropriate by the court.

## COUNT THREE

### (Civil Rights)

22. Plaintiff hereby incorporates paragraphs 1-21, *supra*, by reference.

23. The correctional officers mentioned above, engaged in a sustained, callous, and brutal assault upon plaintiff without adequate justification or excuse. Such conduct constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

24. Such conduct was part of a policy and custom of brutal behavior by officers assigned to the cellblock where these events occurred, which was well known to the District of Columbia, and included, routinely using mace on prisoners, beating them without justification and humiliating them with unnecessary strip searches.

25. During the course of the assault upon plaintiff, the officers were acting under color of state law, as correctional officers employed by the District of Columbia.

26. The aforementioned assault was the proximate cause of serious injuries to plaintiff as outlined above.

27. Plaintiff has exhausted his administrative remedies provided by the District of Columbia Department of Corrections.

**WHEREFORE**, plaintiff prays for a judgment against defendant awarding compensatory damages in the amount of $1,000,000 (One Million Dollars), costs of this suit, attorney's fees and any other relief deemed appropriate by the court.

Respectfully Submitted,

GEOFFREY D. ALLEN, ESQ.

*/s/ Geoffrey Allen*
Geoffrey D. Allen
DC Bar No. 288142
1730 Rhode Island Ave., NW
Suite 206
Washington, DC 20036
(202) 778-1167
Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands trial by jury as to all counts herein.

*/s/ Geoffrey Allen*
Geoffrey D. Allen