THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW INGRAM, JR., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|       v. | ) Civil Action No. 06-1262 (EGS) |
| | ) |
| THE DISTRICT OF COLUMBIA, | ) |
| | ) |
|    Defendant. | ) |
| | ) |

DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO THE COMPLAINT

Defendant District of Columbia ("defendant"), through counsel, hereby responds to plaintiff's Complaint as follows.

First Defense

1. Defendant acknowledges the statutes cited in paragraph 1 of the Complaint but denies all liability thereunder. Defendant lacks sufficient knowledge or information to admit or deny the existence of any injuries claimed in paragraph 1 of the Complaint.

2. Defendant acknowledges the statute cited in paragraph 2 of the Complaint but denies that jurisdiction is necessarily conferred therefrom.

3. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of the Complaint.

4. The allegations contained in paragraph 4 of the Complaint contain conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations contained therein, except that it admits that the D.C. Jail is a correctional facility operated by the District of Columbia.

5. Defendant admits that on September 27, 2005, around 11:45 a.m., plaintiff was an inmate being held on South One and participated in a riot or disturbance. Plaintiff's allegations regarding scope of employment state conclusions of law or of the pleader to which no response is required. Defendant denies the remaining allegations contained in paragraph 5 of the Complaint.

6. Defendant lacks sufficient knowledge or information to either admit or deny the existence or nature of the alleged injuries and damages alleged in paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. The allegations contained in paragraph 8 of the Complaint contain conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant lacks sufficient knowledge or information to either admit or deny the allegations contained therein.

9. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 9 of the Complaint.

10. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 10 of the Complaint.

11. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 11 of the Complaint.

12. The allegations contained in paragraph 12 of the Complaint contain conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant lacks sufficient knowledge or information to either admit or deny the allegations contained therein.

13. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint, except that it admits that plaintiff and other inmates engaged in a riot or disturbance in South One on September 27, 2005.

15. The allegations contained in paragraph 15 of the Complaint contain conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations contained in paragraph 15 of the Complaint, except that it admits that the video camera was not functioning on September 27, 2005.

## Count One - Negligence

16. Defendant incorporates by reference its responses to paragraphs 1-15 of the Complaint.

17. The allegations contained in paragraph 17 of the Complaint contain conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations contained therein.

18. The allegations contained in paragraph 18 of the Complaint contain conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations contained therein.

## Count Two – Assault & Battery

19. Defendant incorporates by reference its responses to paragraphs 1-18 of the Complaint.

20. The allegations contained in paragraph 20 of the Complaint contain conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations contained therein.

21. The allegations contained in paragraph 21 of the Complaint contain conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations contained therein.

## Count Three – Civil Rights

22. Defendant incorporates by reference its responses to paragraphs 1-21 of the Complaint.

23. The allegations contained in paragraph 23 of the Complaint contain conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations contained therein.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. The allegations contained in paragraph 25 of the Complaint contain conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations contained therein, except that it admits that the District of Columbia employs correctional officers.

26. The allegations contained in paragraph 26 of the Complaint contain conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations contained therein.

27. The allegations contained in paragraph 27 of the Complaint contain conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations contained therein.

Any allegations not expressly admitted herein are denied.

## Second Defense

Plaintiff may have failed to mitigate his injuries and/or damages.

### Third Defense

Plaintiff may have failed to satisfy the mandatory notice requirements of D.C. Code § 12-309.

### Fourth Defense

Defendant is entitled to absolute immunity, qualified immunity, governmental immunity, and/or discretionary function immunity.

### Fifth Defense

The actions of defendant, its agents, servants and employees were taken in good faith and with reasonable belief in their lawfulness.

### Sixth Defense

If the plaintiff was injured and/or damaged as alleged in the Complaint, such injuries or damages were the result of his own unlawful, wanton, willful or reckless conduct, sole or contributory negligence, and/or assumption of the risk.

### Seventh Defense

Plaintiff may have failed to exhaust his available administrative remedies.

### JURY TRIAL DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division


        /s/ Holly M. Johnson /s/
        HOLLY M. JOHNSON [476331]
        Chief, General Litigation Section III


        /s/ Carl J. Schifferle /s/
        CARL J. SCHIFFERLE [463491]
        Assistant Attorney General
        Suite 600S
        441 Fourth Street, N.W.
        Washington, D.C. 20001
        (202) 724-6624
        (202) 727-3625 (fax)
        Email:  carl.schifferle@dc.gov