UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW INGRAM, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>)<br>Defendant. )<br>) | Civil Action No. 06-1262 (EGS) |

DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant District of Columbia, through counsel and pursuant to Fed. R. Civ. P. 56(b), respectfully moves this Court for summary judgment on the first count of plaintiff's complaint because plaintiff cannot establish a claim of "negligent assault."

A memorandum of points and authorities in support of this motion is attached hereto and incorporated by reference.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Phillip A. Lattimore, III /s/
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Section III

/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW INGRAM, JR., )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>)<br>    Defendant. )<br>_____) | Civil Action No. 06-1262 (EGS) |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

I.   INTRODUCTION

On September 27, 2005, a "near riot erupted" in the South One cellblock of the D.C. Jail, where plaintiff was being held on murder charges. (Compl. ¶ 14). Plaintiff alleges that during this riot he was "severely punched, kicked, stomped and thrown down steps" by correctional officers. (Compl. ¶ 5). The defendant District of Columbia denies these allegations. The District contends that plaintiff and other inmates participating in the riot barricaded their cells, sprayed feces and urine at correctional officers, flooded the cellblock, and physically resisted correctional officers' efforts to restore order.

Plaintiff now brings a complaint against the District of Columbia asserting three counts: (1) negligence, (2) assault and battery, and (3) civil rights violations. The negligence count contends that correctional "officers negligently used excessive force on plaintiff." (Compl. ¶ 17). As shown below, plaintiff's negligence claim fails as a matter of law because there is no such claim as "negligent assault."

II.     ARGUMENT

Summary judgment should be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "A moving party is 'entitled to judgment as a matter of law' against 'a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Waterhouse v. District of Columbia, 298 F.3d 989, 992 (D.C. Cir. 2002), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[C]onclusory allegations by the nonmoving party are insufficient to establish a genuine issue of material fact or to defeat the entry of summary judgment." Hollins v. Fannie Mae, 760 A.2d 563, 570 (D.C. 2000). Applying this standard, this Court should grant the defendant District of Columbia summary judgment on plaintiff's negligence claim, as explained below.

    A.     Plaintiff cannot establish a claim of "negligent assault."

Plaintiff's claim of negligent assault fails as a matter of law. Assault and battery are intentional torts, and "[i]ntent and negligence are regarded as mutually exclusive grounds for liability." District of Columbia v. Chinn, 839 A.2d 701, 706 (D.C. 2003). Where a plaintiff impermissibly combines the two theories, negligence and intentional tort, "into a single cause of action, [he] in essence [is] pleading a non-existent cause of action." Sabir v. District of Columbia, 755 A.2d 449, 452 (D.C. 2000). As the Court stated in Sabir, "[t]here is no such thing as a negligent assault." Id., quoting 1 F. Harper & F. James, The Law of Torts § 3.5 at 3:19 (3d ed. 1996). "In other words, a plaintiff cannot seek to recover by 'dressing up the substance' of one claim, assault, in the 'garments' of another, here negligence." Id., quoting United States Nat'l Ins. Co. v. The Tunnel, Inc., 988 F.2d 351, 354 (2d Cir. 1993). "[I]t is impossible to

2

negligently commit assault and/or battery as the states of mind are separate and incompatible." Chinn, 839 A.2d at 708.

In Chinn, the Court found error in submitting both plaintiff's negligence claim and assault and battery claim to the jury.  At trial, Chinn testified that police officers pulled him out of his car and repeatedly beat him with a blunt object.  As the Court found, plaintiff could not present a cause of action for negligence in these circumstances.  "While . . . the officers may have mistakenly believed that they needed to exert the amount of force that they did, that does not affect the intentionality of the initial action or the objective excessiveness of the force." Id. at 707.  In other words, "[t]he battery did not transmogrify into negligence by the fact that officers may have in the process mistakenly crossed the line of permissible force." Id.  The Court therefore reasoned "where the excessive force is the product of a battery . . . the cause of action is a battery alone." Id.  "To instruct in such circumstances on a separate and distinct tort of negligence is not only doctrinally unsound but a potential source of jury confusion." Id.

The same holding applies in the present case.  Here, plaintiff's count of negligence contends that correctional "officers negligently used excessive force" on plaintiff.  (Compl. ¶ 17).  The excessive force alleged is that plaintiff was "punched, kicked, stomped and thrown down stairs."  (Compl. ¶ 5).  Such use of force would obviously have been intentional.  Indeed, plaintiff's second count is for assault and battery based on the same alleged conduct.  (Compl. ¶ 20).  Thus, plaintiff's "cause of action is for battery alone." Id.  Even if the correctional officers may have been mistaken about the amount of force that was reasonable and necessary under the circumstances, the claim is still one of battery, not negligence. Id.  Accordingly, plaintiff's negligence claim should be dismissed.

3

III.   CONCLUSION

For the foregoing reasons, defendant District of Columbia respectfully requests that this Court enter summary judgment in defendant's favor on plaintiff's negligence claim.

                      Respectfully submitted,

                      LINDA SINGER
                      Attorney General for the District of Columbia

                      GEORGE C. VALENTINE
                      Deputy Attorney General, Civil Litigation Division

                      /s/ Phillip A. Lattimore, III /s/
                      PHILLIP A. LATTIMORE, III [422968]
                      Chief, General Litigation Section III

                      /s/ Carl J. Schifferle /s/
                      CARL J. SCHIFFERLE [463491]
                      Assistant Attorney General
                      Suite 600S
                      441 Fourth Street, N.W.
                      Washington, D.C. 20001
                      (202) 724-6624
                      (202) 727-3625 (fax)
                      Email:  carl.schifferle@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW INGRAM, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 06-1262 (EGS) ) |
| DISTRICT OF COLUMBIA, | ) ) |
| Defendant. | ) ) ) |

### DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

1. On September 27, 2005, a "near riot erupted" in the South One cellblock of the D.C. Jail. (Compl. ¶ 14).

2. Plaintiff alleges that during the riot he was "punched, kicked, stomped and thrown down stairs" by correctional officers. (Compl. ¶ 5).

3. To the extent that any correctional officer used any force against plaintiff, such use of force was intentional. (Compl. ¶ 20).

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Phillip A. Lattimore, III /s/
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Section III

/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov

2