UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW INGRAM, JR. | : |
| | : |
| **Plaintiff** | : |
| | : 1:06-cv-01262 |
| v. | : EGS |
| | : |
| THE DISTRICT OF COLUMBIA | : |
| | : |
| **Defendant.** | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs respectfully oppose defendant's motion for partial summary judgment.

Plaintiffs' reasons in support of this opposition are fully set forth in the Attached Memorandum of Points And Authorities and Statement of Material Facts.

Respectfully submitted,

_/s/_ Geoffrey D. Allen_____
Geoffrey D. Allen, Esq.
D.C. Bar No. 288142
1730 Rhode Island Avenue, N.W.
Suite 206
Washington, D.C. 20036
(202) 778-1167

## **Certificate of Service**

I certify that a copy of this Opposition to Defendants' Motion To Dismiss and/or Summary Judgment has been electronically served defence counsel, Carl Schifferle, this 26th day of October 2007.

      /s/ Geoffrey  D. Allen
      Geoffrey D. Allen

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MATTHEW INGRAM, JR.                :
                                   :
                                   :
    Plaintiff                      :
                                   :   1:06-cv-01262
        v.                         :   EGS
                                   :
THE DISTRICT OF COLUMBIA           :
                                   :
    Defendant.

**PLAINTIFFS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

1. On September 27, 2005, at around 11:45am, Mr. Ingram an inmate who was being held on South One was "maced" by Sgt. Melvin Reese a correctional officer. Exhibit 1. pages 60-63

2. Subsequently, Reese and a number of other officers, maced plaintiff again and forcibly extracted him from his cell. Exhibit 1. pages 75-76

3. During the extraction Mr. Ingram was punched and kicked. Ingram Depo 87-88

4.. After plaintiff was removed from the cell, and handcuffed, he was punched and kicked and thrown to the ground. Exhibit 1. pages 90-91

5 On January 7, 2004 Sergeant Reese stood for four hours outside his nurse girlfriend's office inside the Jail, dialing her phone number and telling her to come outside. Police and jail officials had to escort her from the building. Later that day, Reese threatened to kill her and her girlfriend. He said, " "…I'll come to

Gaithersburg and kill both of you bitches, because I am a P.I.M.P. I'll come to Gaithersburg and kill you bitches. You will be a piece of greenery because I am a gangster." As a result of these actions, he was charged with various criminal offenses. Exhibit 2- Excerpts from Criminal Case Court File

6. On June 18, 2004 Reese was found guilty by Judge Wendell P, Gardner, Jr. of two counts of attempted threats in connection with this incident. Exhibit 3 -Devon Brown Decision April 27, 2007; Exhibit 2; Exhibit 4- Reese deposition pages 52-56.

7. On April 27, 2007, Reese was removed from his position as a correctional officer with the D.C. department of Corrections. Exhibit 3- Devon Brown Decision April 27, 2007.

8. The Department of Corrections knew about Sgt. Reese's criminal case from the outset. Captain Talley was present when the Metropolitan Police came to the Central Detention Facility to arrest him. On January 14, 2004 Lieutenant Tyrone Harrison attended the hearing and brought Sgt. Reese back from the hearing to the Unit. Additionally, Wanda Patten from Internal Affairs came to the Bladensburg Station as he was being processed. On or about June 18, 2004, Sgt Reese presented Warden Harrison with papers about the offenses. Exhibit 7- Barbara Hart Report and Decision March 28, 2007.

9. During the September 2005 time frame, Major Stanley Waldren was Sgt Reese's supervisor. He did not know that Reese had been convicted of criminal offenses. Reese should not have been assigned to South One with those convictions. Exhibit 5- Waldren Deposition, pages 12-13

10. Sgt. Reese had previously had his authority to use mace revoked due to excessive use. Exhibit 5-Waldren deposition, pages 77-78

11. Eugene Miller, plaintiff's prison expert, referred to both Reese's criminal history and his problems with using mace to form his opinion that "Sergeant Reese should not have been working in the jail." Exhibit 6- Miller Deposition, pages, 33-38.

12. Eugene Miller also referred to his opinion that Reese was inappropriately assigned to South One in his report. Exhibit 8- Expert Penologist's Report- Eugene Miller.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MATTHEW INGRAM, JR.** : | |
| : | |
| : | |
|    **Plaintiff** : | |
| : | **1:06-cv-01262** |
|    v.   : | **EGS** |
| : | |
| **THE DISTRICT OF COLUMBIA** : | |
| : | |
|    **Defendant.** | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**Introduction**

    The District of Columbia has moved for partial summary judgment. Plaintiff respectfully opposes defendant's motion.

**Standard To Be Applied**

    Summary judgment is warranted only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Colbert v. Potter*, 374 U.S. App. D.C. 35, 471 F.3d 158, 164 (D.C. Cir. 2006). In reviewing a grant of summary judgment, the court must "view the evidence in the light most favorable to the nonmoving party and

draw all reasonable inferences in its favor." *Mastro v. Potomac Elec. Power Co.*, 371 U.S. App. D.C. 68, 447 F.3d 843, 850 (D.C. Cir. 2006).

**Argument**

**District of Columbia Case Law Permits Negligence And Assault To Be Plead In The Alternative, As Plaintiff Has Done In This Case**

Defendant relies principally, upon *Sabir v. District of Columbia,* 755 A.2d 449, (D.C. 2000),   for the proposition that theories of negligence and assault  may not be combined into  a "negligent assault". However, even in *Sabir,* the court stated that :

> As we have said in *McCracken v. David Walls-Kaufman*, 717 A.2d 346 (D.C. 1998) (reiterating that the same course of conduct may give rise to claims of both assault and negligence if the necessary predicates for both are shown), and earlier cases, **while it is true that one incident may give rise to claims of intentional tort or negligence**, these are separate theories of liability which must be presented individually and founded on appropriate evidence.  Id. at 452.

The court also indicated that: "If appellants had plead intentional tort (assault and battery), and in the alternative, negligence, the court could have addressed each count separately, allowing for a finding of liability under either theory" Id. at 452. In fact, there have been a number of cases where both negligence and assault have been presented to the jury as alternative theories. See: *Holder v. District of Columbia,* 700 A.2d 738 (D.C. 1997) (two legal causes of action went to the jury -

negligence and assault and battery); *District of Columbia v. White*, 442 A.2d 159 (D.C. 1982) (both counts of negligence and assault were submitted to the jury).

The issue was revisited in the case of *District of Columbia v. Chinn*, 839 A.2d 701 (D.C. 2003). In that case, the District argued, as they do here, that courts may not permit both negligence and intentional tort claims where the sum and substance of the claims is that the defendant committed an intentional tort. In response, to this argument, the court stated: "We disagree with this characterization of our case law and believe that our cases may be read to incorporate the uniform principle set forth above that both negligence and battery claims, in order to go to the jury, must be separate and distinct from each other, even though related, and each of the two counts must be supported by the necessary evidence." Id. at 707. See also: *Evans-Reid v. District of Columbia,* 2007 D.C. App. LEXIS 399;  *Stewart-Veal v. District of Columbia*, 896 A.2d 232 ; (D.C. 2006); *Smith v. District of Columbia*, 882 A.2d 778 (D.C. 2005).

In this case,  plaintiff alleges firstly, that he was maced by Sgt. Reese without cause. That then he was maced for a second time, prior to a cell extraction by correctional officers. He alleges that he was subjected to excessive force as he was extracted from his cell and finally, that he was beaten a number of times and thrown down some steps, after he had been handcuffed with his hands behind his back. Plaintiff contends that certain parts of this chain of events could be considered

negligent by a jury and other parts could be considered an assault and battery. For example, any alleged force which occurred after he was handcuffed would appear to fall into the category of an intentional assault and battery. But the preceding conduct is more ambiguous. The initial macing by Sgt Reese could be an assault, or it could be the result of his misapprehension about when macing was appropriate. The second macing similarly could be caused by negligently misconstruing plaintiff's actions as willful non-compliance when in fact, he was suffering from the effects of the first macing. In this latter case, the conduct could be considered negligent. Similarly, the cell extraction, which Mr. Ingram alleges was accompanied by excessive physical force, could also be the result of the officer's innocently but negligently misapprehending the situation. In other word, by breaking down this incident into separate components it can be seen that some could support negligence and some assault and battery and indeed some, either. Moreover, plaintiff has pled his negligence counts separately from the assault and battery counts as the case law requires. As such, it is respectfully submitted, that there is no impediment to proceeding on negligence and assault theories in this case.

**Plaintiff Should Also Be Permitted To Proceed On Negligent Supervision and Retention Theories**

Plaintiff, in his complaint, alleged that Sgt Melvin Reese, an officer at the center of the events on September 27, 2005 , was an inappropriate person to be assigned to South One.  In Paragraph 11 of his complaint, Plaintiff alleges that On January 7, 2004 he stood for four hours outside his nurse girlfriend's office inside the Jail, dialing her phone number and telling her to come outside.  Police and jail officials had to escort her from the building.  Later that day, Reese threatened to kill her and her girlfriend.  He said,  "…I'll come to Gaithersburg and kill both of you bitches, because I am a P.I.M.P.  I'll come to Gaithersburg and kill you bitches.  You will be a piece of greenery because I am a gangster."  Reese later pleaded guilty to misdemeanor attempted threats.

During the course of discovery, it has been established, that Reese has now been terminated from his position at the Department of Corrections, because of these criminal convictions. (Attach Exhibit).  In his deposition, Eugene Miller, plaintiff's prison expert, opined that  placing Sgt Reese in South One was inappropriate,  given his criminal convictions and because the Department of Corrections, had previously suspended   his macing powers and then reinstated them, and assigned him to South One the Jail's  Special Management Unit, a block with harsh housing conditions, where the inmates spend approximately 23 hours a day in their cells.  The one hour of recreation was taken by themselves as "single"

recreation. (Waldren 8-10). Major Waldren admitted at his deposition, that as of September 2005 he did not know that Reese had been convicted of criminal offenses. In fact, the first time he discovered that was at his deposition. He also admitted that with those criminal convictions, he should not have been assigned to South One. (Waldren 12-13).

In his complaint, plaintiff has alleged that Sgt Reese used Mace excessively and inappropriately and that he had criminal convictions at the time he was working in South One on September 27, 2007. See Paragraphs 8-13 Complaint . Count 1, the Negligence count, incorporates by reference paragraphs 1-15. [1] Hence, all of the above allegations are incorporated into plaintiff's negligence allegations. Moreover, the actual evidence uncovered in discovery, particularly Major Waldren's admission that he did not know about Sgt. Reese's criminal convictions, and that he should not have been assigned to South One, support these allegations as well as his admission that Reese had previously been ordered to stop using mace, due to his excessive use; support these allegations. Eugene Miller, plaintiff's prison expert, referred both to the criminal history of Sergeant Reese and his problems with excessive use of mace in forming his opinion that he should not have been employed at D.C. Jail in his deposition and in his report. Hence, theories of negligent retention, supervision, and assignment, are part of the allegations in the complaint, are also part of Mr. Miller's opinions and are supported by evidence uncovered

---

[1] Despite this, plaintiff concedes that the complaint should be clearer. Accordingly, plaintiff will move for leave to amend the complaint to remove any uncertainty on this point.

during the course of discovery, through Sgt. Reese's personnel file and the deposition of Major Waldren.

**Conclusion**

For the foregoing reasons, defendant's motion should be denied.

Respectfully submitted,

_____
Geoffrey D. Allen

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MATTHEW INGRAM, JR.** | : | |
| | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **1:06-cv-01262** |
| v. | : | **EGS** |
| | : | |
| **THE DISTRICT OF COLUMBIA** | : | |
| | : | |
| **Defendant.** | | |

## ORDER

This matter comes before the court on defendant, District of Columbia's motion for partial summary judgment. Having considered the motion, and plaintiff's opposition, the court does, this ___ day of _____, 2007, hereby conclude that the motion should be denied.

_____

Judge Sullivan