

GOVERNMENT OF THE DISTRICT OF COLUMBIA
DEPARTMENT OF CORRECTIONS
OFFICE OF
ADMINISTRATIVE HEARINGS

Office of the Director

2007 JUL 13 A 11: 26

April 27, 2007

Melvin Reese
Lead Correctional Officer
D.C. Department of Corrections
1901 D Street, S.E.
Washington, D.C. 20020

Dear Sergeant Reese:

Pursuant to provisions of the District Personnel Manual (DPM), Chapter 16, Section 1614, this correspondence constitutes official notification of the final decision regarding the proposal to remove you from your position of Correctional Officer with the D.C. Department of Corrections. This action is based on a charge of Incompetence. The charges were set forth in the advance notice dated May 8, 2006, which apprised you of your right to review all material upon which the action was based and to respond in writing within six (6) days of receipt of the notice. You were further advised of your right to be represented by an attorney or other representative. You acknowledged receipt of the advance notice on May 8, 2006.

On August 14, 2006, Barbara Hart, Hearing Officer in your case, submitted [to me] a written report and recommendation on the proposed action (copy enclosed). Ms. Hart's findings were as follows:

"In accordance with the opinion from the Office of Chief Counsel stated below:

"Section 922(g)(1) prohibits "felons" from possessing firearms and since this crime is a misdemeanor with a possible sentence of less than one year- as such, 22-507 does not operate as a prohibiting conviction under 922(g)(1). As for section 922(g)(9), this is a common law offense wherein the elements are enumerated in the Clark case. Based upon the fact that the elements do not include threatened use of a deadly weapon or use of physical force, this statute also does not appear to qualify as a prohibiting conviction under 922(g)(9)."

"Sergeant Reese's case was cited under 922(g)(9) and a deadly weapon and/or use of physical force was not used therefore, it is the recommendation of this Hearing Officer that the charges logged against Sergeant Reese be rescinded."

Melvin Reese
April 27, 2007
Page 2

DISTRICT OF COLUMBIA
OFFICE OF
ADMINISTRATIVE HEARINGS

On March 16, 2007, I remanded the case to Ms. Hart for further review and subsequent determination based on clarification of the law, as it applied to your conviction of two counts (B and C) of attempted threats, and the facts that required further consideration.

On March 28, 2007, after re-examination of the law and the facts of the case, Ms. Hart submitted her written report and recommendation on this matter (copy enclosed). Ms. Hart's findings were as follows:

> "The Hearing Officer reviewed the letter submitted by Director Devon Brown dated March 17, 2007, Subject: Remand Notice; in the Matter of Summary Removal of Melvin Reese in conjunction with previous findings. The Hearing Officer is recommending that Sergeant Melvin Reese be removed from his position as correctional officer."

I have thoroughly and very carefully reviewed the evidence of record, which consists of all documents giving rise to issuance of the written notice, your written response and the Hearing Officer's reports and recommendations. Consequently, I have decided to uphold the removal action against you. My decision is premised on the following:

The record shows that on January 7, 2004, you threaten to kill Patricia Williams, a person with whom you shared a relationship with. On June 18, 2004, you were found guilty and subsequently convicted of "Attempted Threats (misd)" against Ms. Patricia Williams,

Title18, USC §922 (g) (9) makes it illegal for anyone who has been convicted of a misdemeanor crime of domestic violence to possess any firearm or ammunition. Title18, USC §921(33)(A)(ii) states:

> "Except as provided in subparagraph (C), the term "misdemeanor crime of domestic violence" means an offense that: (i) is a misdemeanor under Federal, State, or Tribal law; and (ii) has, an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim."

Title 18 U.S.C., Section 921 (B) (ii), states:

> "A person shall not be considered to have been convicted of such an offense [misdemeanor crime of domestic violence] for purposes of this chapter if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable

Melvin Reese
April 27, 2007
Page 5

DISTRICT OF COLUMBIA
OFFICE OF
ADMINISTRATIVE HEARINGS

completing a grievance resolution form and forwarding it to the above address during the period beginning with the day after the effective date of this letter, but not later than ten (10) calendar days after the effective date.

If you have questions concerning your appeal rights through the negotiated grievance procedure, they should be directed to the Fraternal Order to Police (FOP) Union. The office is located at 711-4th Street N.W., Washington, D.C. 20001, and may be reached by telephone on (202) 737-3505.

If you elect to file an appeal with the Office of Employee Appeals (OEA), it must be filed within thirty (30) calendar days of receipt of this notice. The OEA is located at 717-14th Street, N.W., Third Floor, Washington, D.C. 2005. Enclosed are the OEA appeal form and a copy of the OEA regulations. For additional information on filing an appeal, you should contact OEA on (202) 727-0004.

On the effective date of your termination, you are required to turn in all issued keys, security badge(s), identification card, telephone, computer, JACCS password, procurement card, driver's license and all other government properties issued to you as a District Government employee. The enclosed Employee Clearance Record Form must be used to process the clearances.

Sincerely,

Devon Brown
Director

Enclosures

```
DISTRICT OF COLUMBIA
    OFFICE OF
ADMINISTRATIVE HEARINGS

2007 JUL 13  A 11: 26
```

## ACKNOWLEDGEMENT OF RECEIPT
### (Final Decision)

All departmental issued uniforms to include vests must be returned to the Clothing Issue by 4:00 p.m., on Monday, April 30, 2007.

Failure to comply with clearance provisions shall result in all final wages being withheld.

_____        4/27/07
Employee:                               Date

_____        4/27/07
Issued By:                              Date

_____        4/27/07    10:25am
Witnessed By                            Date

Melvin Reese
April 27, 2007
Page 3

DISTRICT OF COLUMBIA
OFFICE OF
ADMINISTRATIVE HEARINGS

jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."

To date, you have not provided any documentation to show you have grounds for exemption under 18 U.S.C. Sec. 921 (B) (ii)

As a Correctional Officer, it is a mandatory condition of employment that you maintain firearm proficiency, which is a critical element of your position. Inasmuch as it is unlawful for you to possess any firearm or ammunition you are therefore, "incompetent" to perform one of the major functions of your position.

In rendering my decision to sustain the removal action, I relied on the following Douglas Factors (1), (2), (5), (6) and (10).

(1) Factor (1) the nature and seriousness of the offense, and its relation to the employee's duties, including whether the offense was intentional or technical or inadvertent, or was committed maliciously or for gain, or was frequently repeated;

Response: Public safety, community protection and the orderly, safe and secure Operation of the D.C. Jail constitutes the primary mission of any correctional facility and any correctional employee. Here, you are precluded from performing an essential function of any law enforcement official, that being the authorization to possess firearms and ammunitions.

(2) The employee's job level and type of employment, including supervisory or fiduciary role, contacts with the public, and prominence of the position;

Response: Although your position is non-supervisory, it is one of public (fiduciary) trust and responsibility that includes, among other duties, providing direction and leadership to lower grade correctional officers, and population management and control of inmates/detainees. One of the greatest underpinnings of our democracy is the public's trust in its public servants. As a Correctional Law Enforcement Officer convicted for a crime of Misdemeanor Domestic Violence, you have violated that trust, and your integrity, credibility and effectiveness to manage in the above areas diminishes your to a point of incompetence. I am also incorporating my response to Factor (1) above.

(5) The effect of the offense upon the employee's ability to perform at a satisfactory level and its effect upon supervisors' confidence in the employee's work ability to perform assigned duties;