*not present at Hearing*

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**DEPARTMENT OF CORRECTIONS**

Office of the Director



2007 JUL 13 A 11: 26

## MEMORANDUM

TO: Devon Brown
Deciding Official

FROM: Barbara Hart
Hearing Officer

DATE: March 28, 2007

SUBJECT: Hearing Officer's Recommendation

RE: Melvin Reese
Lead Correctional Officer

Violation: DPM Chapter 16

Penalty Proposed: Termination of Employment

## INTRODUCTION

The Office of Internal Affairs conducted a National Crime Information Center (NCIC) background criminal history check to determine Sergeant Reese's suitability for firearms training, possible promotion or as part of a sporadic check. The background check revealed that on June 18, 2004 Sergeant Reese was found guilty and subsequently convicted on two (2) counts of "Attempted Threats" against Patricia Williams, which is a misdemeanor domestic violence under the D.C. Criminal Statute. According to official court documents from the Superior Court of the District of Columbia, he was sentenced to 180 days in jail, which was suspended: and he was placed on probation for a term of one (1) year. On May 8, 2006, Interim Warden Robert Clay presented Sergeant Reese with a twenty (20) day advance notice of proposal to remove him from his position of Lead Correctional Officer in accordance with provisions of the District Manual (DPM Chapter 16. The specific cause of action is Incompetence.

DISTRICT OF COLUMBIA
OFFICE OF
ADMINISTRATIVE HEARINGS

2007 APR 13 A II: 25

On or about August 14, 2006 the Hearing Officer submitted her recommendation to Director Devon Brown in reference to case above. Director Brown remanded the case back to the Hearing Officer on or about March 16, 2007 for further review. Sergeant Reese contacted Hearing Officer Barbara Hart on May 30, 2006 at approximately 3:05 p.m. to request a formal hearing. Sergeant Reese authorized Ms. Chase to call to set up the appointment. When asked Sergeant Reese authorized the written statement given to Hearing Officer Segun Obebe in his defense of the above stated charges should remain as submitted. Attorney for FOP/DOC labor Committee, Joshua McInerney called and made the appointment for the hearing for June 8, 2006 at 3:00 p.m. The hearing was conducted as scheduled. Pamela Chase, Former President for FOP, Joshua Mc Inerney, Attorney for FOP/DOC, Virginia Brewster and Sergeant Reese were present at the hearing.

Sergeant Reese is a nineteen year veteran with the Department of Corrections who has received excellent to outstanding rating from 2001 to 2006.

## SPECIFICATIONS

According to the D.C. Department of Correction's report, "Title 18 United States Code (U.S.C.) § 922(g) makes it illegal for certain groups of people to carry a firearm. Section (g) (1) makes it illegal for anyone who has been convicted of a felony to possess any firearm or ammunition. Section (g) (9) makes it illegal for anyone who has been convicted of a misdemeanor crime of domestic violence to possess any firearm or ammunition. Misdemeanor crimes of domestic violence are generally defined as any offense, whether or not explicitly described in a statue as a crime of domestic violence, which has, as its factual basis, the use or attempted use of physical force or the threatened use of a deadly weapon committed by the victim's current or former domestic partner, parent or guardian. The term "convicted" is generally defined in the statue as excluding anyone whose conviction has been expunged or been set aside, or has received a pardon. The provisions apply to all convictions under Title 18 U.S.C. §§ 922 (g) (1) and (9). The provisions also apply to persons convicted at any time prior to or after passage of the September 30, 1996 law."

The position of Correction Officer requires that the officer maintains firearm proficiency and U.S.C. § 922 (g) (1) and (g) (9) prohibits anyone who has been convicted of a felony or a misdemeanor crime of domestic violence to possess any firearm or ammunition, you therefore cannot perform critical elements of the correctional officers' duties relating to possession and use of firearms.

Sergeant Reese was issued a Department-wide memorandum (dated August 19, 2005) from Interim Director, S. Elwood York, Jr. Esquire, that was captioned "Authorization to Carry Firearms. The memorandum articulated the applicable provisions of U.S.C. 922 (g) (1) and (g) (9). Attached to the memorandum was (1) copy of the relevant U.S.C. statue: and (2) copy of Question and Answer Sheet regarding Misdemeanor Crimes of

DISTRICT OF COLUMBIA
OFFICE OF
ADMINISTRATIVE HEARINGS

2007 JUL 13 A 11: 26

Domestic Violence. On October 3, 2005, Sergeant Reese acknowledged receipt of a letter from Interim Director, S. Elwood York, Jr. which informed him that in "accordance with provisions set forth in the District Personnel Manual (DPM) Chapter 4, Section 405.7, he had fifteen (15) calendar days from receipt of the memo to provide court certified documents that explain any discrepancies, omissions, misinformation or mitigating circumstances that may exist which are unknown to the Office of Internal Affairs. As of May 8, 2006, Sergeant Reese has not submitted any documentation.

## FACTS/FINDINGS

On behalf of Sergeant Reese, Pamela Chase, Chairperson FOP/DOC Labor Committee submitted Exhibit 1 in defense of the 20 day advance notice of proposal to remove Sergeant Reese from his position as a Correctional Officer set forth by Interim Warden Robert Clay. Additionally, during the hearing on June 8th Attorney for FOP/DOC Inerney presented several augments relative to Sergeant Reese's case. The Union argued the following points:

1. Section 922 (g)(9) of the GCA does not make it unlawful for Sergeant Reese to possess a firearm because he has never been convicted of a misdemeanor crime of domestic violence as that term is defined in Section 921 (a) (33) of the GCA.

2. DOC does not have cause under the Collective Bargaining Agreement (CBA) or under Chapter 16 of the DPM to terminate Sergeant Reese for alleged incompetence.

- The proposed adverse action against Sergeant Reese in invalid because it was not "commenced within a reasonable time after the agency knew or should have known of the act or occurrence allegedly constituting case, " this in violation of Article 11, Section 8 of the CBA.
- During the past nine years leading up to this case DOC did not alleged that Sergeant Reese is incompetent or in anyway failed to perform any of the duties request of him.
- Additionally, Section 1603.10 clearly requires DOC to bear the burden of prove by a preponderance of the evidence that the adverse action may be taken for cause.
- DOC currently has four Correctional Officers currently assigned to the Records Office as a result of their inability to perform major job duties of their position descriptions. Further, one officer is posted at the Staff Entrance and another is assigned to the Municipal Center based on their inabilities to perform all their duties as a Correctional Officer.

Page 4 

3. Program Statement 5010.5B – Armory Operations, which states in part: "Firearms shall only be issued to persons who possess current training and certification," and Program Statement 5011.1B – Possession and Use of Firearms, which states:" Supervisors shall ensure that all staff assigned to duties requiring the issuance and use of firearms possesses current firearms training and certification." The Union asserts that DOC "truly considered the ability to possess a firearm as a major or critical job duty then such provision of Program Statement limit the issuance of firearms only to those possessing current training certification would be meaningless. The DOC recognized that some Correctional Officers would not be trained or certified to use firearm and has already taken steps to ensure that such officers work posts that do not require the possession of a firearm."

4. Additional case law submitted at the June 8th hearing asserts that 18 U.S.C. § 922 (g) (9) does not make it unlawful for Sergeant Reese to possess a firearm because he has never been convicted of a "Misdemeanor Crime of Domestic Violence," at that term is used in 18 U.S.C. § 922 (g)(9) and defined in 18 U.S.C. § 921 (a) (33).

During the hearing Attorney Joshua McInerney stressed that the cover memorandum from Warden Robert Clay was not evidence. 922(d) that is a part of the package does not apply. The elements were satisfied according to the courts but Sergeant Reese denies the elements, because the D.C. Code does not explain the elements, therefore the case law above has been referenced in order for the elements to be defined.

## Other Facts/Findings

Sergeant Reese reported that the Agency had knowledge of the conviction prior to May 8, 2006. Mr. Corbett, Deputy Warden called Sergeant Reese at Transportation Unit in reference to the verbal altercation Additionally, Captain Talley was present when the Metropolitan Police Department came to the Central Detention Facility to arrest him. On or about January 14, 2004 Lieutenant Tyrone Harrison attended the hearing and brought Sergeant Reese back from the hearing to the Unit. Lieutenant Harrison informed him that he could not carry a weapon. Additionally, Wanda Patten from Internal Affairs came to the Bladensburg Station as he was being processed.

On or about June 18, 2004 Sgt. Reese presented Warden Harrison with papers about the offenses. Therefore, one of the defenses of Sergeant Reese is that the Agency did not discover his violations during a NCIC Check but found out when he made notification. CBA Article 11, Section 8 the Agency knew about the offenses in 2004. Two and half years are not a reasonable amount of time for setting forth charges.

DISTRICT OF COLUMBIA
OFFICE OF
ADMINISTRATIVE HEARINGS

2007 [...] 13 A 11:27

The Position Description alludes to the need to be able to carry a firearm "until page three as an after thought." In Chapter 16 the burden is on the Agency to prove that Sgt. Reese violated. Sergeant Reese did not affirmatively choose to violate the policy. He would like a job he can do elsewhere. The Charging document is riddled with falsehoods. The Agency has not proved its case.

Sergeant Reese reported that he was re-issued a weapon and stayed on at Transportation and handled weapons when he returned to the Institution. He was out bided for his position at Transportation in April 2005. He attended the range about one year ago.

1994 to present ratings have been excellent and/or outstanding.

The Judgment and Commitment Order, Case Number: DV-155-04, (DV is the abbreviation for domestic violence) PDID No. 508-216, dated, June 18, 2004 signed by Associate Judge Wendell P. Gardner, Jr. indicates that Sergeant Reese was found guilty after a plea of not guilty of two counts of Attempted Threats (misdemeanor). Sergeant Reese was placed on probation for one year. Additionally, the courts requested that he "perform forty hours of community service, enroll in domestic violence intervention program and to stay away from Ms. Patricia Smith-Williams and Ms. Faith Harper." When questioned, Sergeant Reese reported that he was found guilty of the offenses as stated on the Judgment and Commitment Order.

When asked did you apply for any type of promotion in the past three years Sergeant Reese reported that he had passed the Lieutenant test that was given in December 2005.

A letter to all employees dated, August 19, 2005 in reference to the authorization to carry firearms was received by Sergeant Reese on August 24, 2005. The letter instructed staff who were affected by Title 18 United States Code § 922 (g) that they (1) may not be issued or process any firearm or ammunition; (2) must immediately notify your supervisor; (3) must return any government-issued firearm or ammunition to the tower or the Major; and (4) surrender your weapon permit immediately to the Chief, Office of Internal Affairs. Sergeant Reese did not submit anything after receiving the August 19th letter requiring him to do so.

A letter dated, August 31, 2005 from Director S. Elwood York, Jr. to Sergeant Reese informed Sergeant Reese that "in accordance with provisions set forth in the District Personnel Manual (DPM) Chapter 4, Section 405.7, you may provide court certified documents that explain any discrepancies, omissions, misinformation or mitigating circumstances that may exist which are unknown to the Office of Internal Affairs..." Sergeant Reese submitted a document to Wanda Patterson on September 1, 2005 wherein Ms. Patricia Williams wanted to dismiss the charges.

Page 6

As a follow-up to previous letters, a letter dated, November 10, 2005, from Director S. Elwood York Jr. to Sergeant Reese explained that meetings and discussions had transpired between the Agency and the Office of Personnel in reference to assisting employees in finding other employment. The Office of Personnel had agreed to assist Sergeant Reese in finding other employment due to documented findings of a felony conviction or a misdemeanor domestic violence conviction. On January 20, 2006 Sergeant Reese in conjunction with 17 other correctional officers and counsel for the FOP/DOC Labor Committee, Joshua McInerney met with Ms. Mary Montgomery of the Office of Personnel to discuss the job market. Additionally, when questioned Sergeant Reese reported that he interviewed for a job with the Department of Transportation (Grade 7, Step 4 for $36,000 – 37,000). He refused the job because of the low pay. Sergeant Reese also tried to work at Oak Hill for a lateral transfer.

## RECOMMENDATION

The Hearing Officer reviewed the letter submitted by Director Devon Brown dated March 17, 2007, Subject: Remand Notice: In the Matter of the Summary Removal of Melvin Reese in conjunction with previous findings. The Hearing Officer is recommending that Sergeant Melvin Reese be removed from his position as correctional officer.