UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW INGRAM, JR. | : |
| | : |
| Plaintiff | : |
| | : 1:06-cv-01262 |
| v. | : EGS |
| | : |
| THE DISTRICT OF COLUMBIA | : |
| | : |
| Defendant. | |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Plaintiff, through counsel, respectfully moves this Court for leave to amend the Complaint in this matter.

Plaintiff's reasons in support of this motion are fully set forth in the attached Memorandum of Points and Authorities.

Counsel for the District of Columbia's position on this motion could not be ascertained. Plaintiff's counsel E-Mailed a draft copy of this motion and the amended complaint, on October 31, 2007, to defense counsel for his review, but has not heard from him as to his position.

**WHEREFORE,** Plaintiff requests that the motion be granted.

 /S/ Geoffrey D. Allen
Geoffrey D. Allen
DC Bar # 288142

1

        1730 Rhode Island Ave, N.W.
        Suite 206
        Washington, D.C.  20036
        Counsel for Plaintiffs
        (202) 778-1167

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing   Motion For Leave To Amend the Complaint was electronically served  this  1st  day of November 2007 to:

Carl Schifferle
Asst. Attorney General - DC
441 4th Street NW
Sixth Floor South
Washington DC 20003
Melvin.Bolden@dc.gov

        s/s Geoffrey D. Allen
        Geoffrey D. Allen

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MATTHEW INGRAM, JR.** | : |
| | : |
| | : |
| Plaintiff | : |
| | : 1:06-cv-01262 |
| v. | : EGS |
| | : |
| **THE DISTRICT OF COLUMBIA** | : |
| | : |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF MOTION FOR
LEAVE TO AMEND COMPLAINT**

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course, prior to the filing of a responsive pleading, and thereafter by leave of court, which "leave shall be freely given when justice so requires." It is an abuse of discretion to deny leave to amend without giving a sufficient reason." *Firestone v. Firestone,* 316 U.S. App. D.C. 152, 76 F.3d 1205, 1208 (1996)  (citing *Foman v. Davis,* 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)); *see also  Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir. 1991) (noting that district court's discretion to dismiss without leave to amend is "severely restricted" by command of Rule 15(a) that such leave be "freely given").

During the course of discovery, the following facts have been established:

1. On June 18, 2004 Sgt. Melvin Reese, the person principally alleged to have participated in the events of September 27, 2005, which forms the subject matter of this lawsuit, was found guilty by Judge Wendell P. Gardner, Jr. of two counts of

attempted threats. Exhibit 1- Excerpts of Criminal Case File;  Exhibit 2 -Devon Brown Decision April 27, 2007; Exhibit 3- Reese deposition pages 52-56.

     2.. On April 27, 2007, Reese was removed from his position as a correctional officer with the D.C. department of Corrections.  Exhibit 2- Devon Brown Decision April 27, 2007.

     3. The Department of Corrections knew about Sgt. Reese's criminal case from the outset.  Captain Talley was present when the Metropolitan Police came to the Central Detention Facility to arrest him.  On January 14, 2004 Lieutenant Tyrone Harrison attended the hearing and brought Sgt. Reese back from the hearing to the Unit.   Additionally, Wanda Patten from Internal Affairs came to the Bladensburg Station as he was being processed.  On or about June 18, 2004, Sgt Reese presented Warden Harrison with papers about the offenses. Exhibit 6- Barbara Hart Report and Decision March 28, 2007.

     4.. During the September 2005 time frame,   Major Stanley Waldren was Sgt Reese's supervisor.  He did not know that Reese had been convicted of  criminal offenses.  Reese should not have been assigned to South One with those convictions. Exhibit 4- Waldren Deposition, pages 12-13

     5. Sgt. Reese had previously had his authority to use  mace revoked due to excessive use. and then reinstated.  He was then assigned him to South One the Jail's  Special Management Unit, a block with harsh housing conditions, where the inmates spend approximately 23 hours a day in their cells.  The one hour of recreation was taken as "single" recreation.   Major Waldren admitted  at his

deposition, that as of September 2005 he did not know that Sgt. Reese had been convicted of criminal offenses. In fact, the first time he discovered that was at his deposition. He also admitted that with those criminal convictions, he should not have been assigned to South One.. Exhibit 4-Waldren deposition, pages 8-10, 12-13, 77-78.

Based on this, plaintiff's prison expert, Eugene Miller, in his deposition, taken by the District, referred to both Reese's criminal history and his problems with using mace to form his opinion that "Sergeant Reese should not have been working in the jail." Exhibit 5- Miller Deposition, pages, 33-38. Eugene Miller also referred to his opinion that Reese was inappropriately assigned to South One in his report which had previously been provided to the District. Exhibit 7- Expert Penologist's Report- Eugene Miller.

Moreover, in his original complaint, plaintiff alleged that Sgt Reese used mace excessively and inappropriately and that he had criminal convictions at the time he was working in South One on September 27, 2007. See Paragraphs 8-13 Original Complaint -Exhibit 9. Paragraph 16, of the existing negligence count, incorporates by reference paragraphs 1-15. Hence, many of these allegations are already incorporated into plaintiff's negligence allegations by reference. Hence, there is no element of unfair surprise in amending the complaint in this manner, since it has been clear for some time that plaintiff was claiming that Sergeant Reese

5

should not have been employed by the Department of Corrections as a correctional officer, particularly in a unit such as South One. Plaintiff now wishes to add a specific count alleging negligent supervision, job assignment and retention with respect to Sgt. Reese. In so doing, plaintiff seeks to conform the complaint to the evidence uncovered during the course of discovery. *Adair v. Johnson*, 216 F.R.D. 183  Despite the fact that many of these allegations are already in the complaint, plaintiff believes it would be better if the negligent supervision, job assignment and retention theories were explicitly included in a separate count. Plaintiff attaches a copy of his proposed amended complaint as Exhibit 8 and the original complaint as Exhibit 9.

      For the foregoing reasons, it is requested that the Motion should be granted.

Respectfully submitted,

s/s Geoffrey D. Allen
Geoffrey D. Allen
DC Bar # 288142
1730 Rhode Island Ave, N.W.
Suite 206
Washington, D.C.  20036
Counsel for Plaintiff
(202) 778-1167

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MATTHEW INGRAM, JR.** | : |
| | : |
| | : |
| **Plaintiff** | : |
| | : 1:06-cv-01262 |
| v. | : EGS |
| | : |
| **THE DISTRICT OF COLUMBIA** | : |
| | : |
| **Defendant.** | |

### ORDER

This matter comes before the court on Plaintiff's Motion For Leave To Amend the Complaint. For good cause shown, it is this, __ day of _____ 2007, hereby

**ORDERED**, that the Motion be and hereby is **GRANTED**; and it is further

**ORDERED,** that Plaintiff is given leave to file his First Amended Complaint. And it is further,

**ORDERED,** that Plaintiffs' First Amended Complaint shall be deemed filed as of the date of this Order and that defendants shall have ____ days from this date to respond.

_____
JUDGE SULLIVAN