UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW INGRAM, JR., | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 06-1262 (EGS) |
| DISTRICT OF COLUMBIA, | ) |
|       Defendant. | ) |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT

I.   ARGUMENT

    A.   Plaintiff has no valid claim for "negligent use of excessive force."

Plaintiff's cause of action is for assault and battery alone. Plaintiff cannot assert negligence as an alternative to assault and battery because the evidence does not support plaintiff's negligence theory. To support his theory, plaintiff speculates that the amount of force used could have been a result of correctional officers' "misapprehension about when macing was appropriate," or by officers "misconstruing plaintiff's actions as willful non-compliance," or just generally "misapprehending the situation." (Opp. 9). The D.C. Court of Appeals rejected the same negligence theory in District of Columbia v. Chinn, 839 A.2d 701, 711 (D.C. 2003). Where force is intentionally applied, "it matters not whether [the allowable amount of force] is exceeded because of the deliberate intention of the officer or through a mistake as to the limit of objectively reasonable allowable force." Id. As a result, battery cannot "transmogrify into negligence by the fact that the officers may have in the process mistakenly crossed the line of

permissible force." Id.  Any such alleged "'negligence' was inherent in the battery itself, which remained a battery." Id.

Plaintiff erroneously relies upon two cases, the reasoning of which was repudiated by Chinn.  Those two cases, which Chinn has rendered obsolete, are Holder v. District of Columbia, 700 A.2d 738 (D.C. 1997) and White v. District of Columbia, 442 A.2d 159 (D.C. 1982).  In particular, the Chinn Court recognized that both Holder and White incorrectly stated that a negligence action could be based upon a statute prohibiting a police officer from using "unnecessary and wanton severity" in making an arrest.  Chinn, 839 A.2d at 707.  It is true that in certain circumstances a plaintiff can assert both negligence and battery claims, but in order to go to the jury the claims "must be separate and distinct from each other," and each "must be supported by the necessary evidence."  Chinn, 839 A.2d 707.   Plaintiff fails to meet that burden with his conclusory allegations.  Where, as here, plaintiff claims that force was intentionally applied and offers no standard of care other than the prohibition on excessive force, "the cause of action is for battery alone."  Id.

B.    Plaintiff also has no valid claim of negligent supervision and retention.

Perhaps recognizing that a "negligent use of excessive force" claim is untenable, plaintiff recently moved to amend his complaint to add a claim of negligent supervision and retention. Defendant opposes the amendment and will present its argument more fully in an opposition to be filed shortly.  Even if plaintiff were permitted to add a claim of negligent supervision and retention, though, this theory of negligence is simply a redundant form of the District's vicarious liability for plaintiff's assault and battery claim.  A claim of negligent supervision and retention is redundant because the District has already conceded scope of employment and thus the

District is liable for any alleged assault and battery committed by its correctional officers under a theory of respondeat superior. Because there is no need to offer proof of negligent supervision and retention, such claim should be dismissed even if it were presently pled.

The D.C. Court of Appeals has noted the "considerable authority for the principle that negligent supervision, while an independent tort directed to the conduct of the employer, requires logically antecedent proof of a tort committed by the supervised employee." Daka v. McCrae, 839 A.2d 682, 693 & n.12 (D.C. 2003), citing Grego v. Meijer, Inc., 187 F. Supp. 2d 689, 694 (W.D. Ky. 2001) ("the tort of negligent supervision is a second tort that derives from a tort committed by the person negligently supervised"), Schulze v. Meritor Auto., 163 F. Supp. 2d 599, 616 (W.D.N.C. 2000) (granting summary judgment on negligent supervision claim where "there simply [was] no evidence that the acts of [the employees] were violative of state or federal law"), and Schoff v. Combined Ins. Co. of America, 604 N.W.2d 43, 53 (Iowa 1999) ("an employer cannot be held liable for negligent supervision or training where the conduct that proper supervision or training would have avoided is not actionable against the employee"). Thus, in this case, a negligent supervision and retention claim would first require proof of an assault and battery.

Because the District concedes scope of employment on plaintiff's assault and battery claim, plaintiff has no basis for a negligent supervision and retention claim. "[W]here the liability of the principal for the conduct of its agents is not disputed, it was not incumbent upon the trial court to admit evidence of [negligent training or supervision] ultimately to establish a matter conceded." Curry v. Giant Food Company of the District of Columbia, 522 A.2d 1283, 1290 (D.C. 1987). Because the defendant acknowledged respondeat superior liability for the acts of its employees, Curry held that the trial court properly excluded as "irrelevant" evidence that defendant's employees were negligently trained and supervised. Id. at 1289. Thus, where respondeat

superior liability is uncontested, a negligent supervision or retention claim should be dismissed. See, e.g., Scroggins v. Yellow Freight Systems, Inc., 98 F. Supp.2d 928, 931 & n.3 (E.D. Tenn. 2000) (where agency relationship is admitted, evidence of negligent hiring and retention is not only irrelevant and unnecessary but "would merely serve to prejudice the employer"); Tindall v. Enderle, 162 Ind. 524, 320 N.E.2d 764, 768 (1974) (declaring that "proof of the additional elements of negligent hiring under such circumstances is not relevant to the issues in dispute, is wasteful of the courts' time and may be unnecessarily confusing to a jury.")

Accordingly, any putative claim of negligent retention and supervision should also be dismissed as redundant and unnecessary.

II.     CONCLUSION

For the reasons stated in this reply and defendant's motion, defendant District of Columbia respectfully requests that this Court enter summary judgment in defendant's favor on plaintiff's negligence claim.

    Respectfully submitted,

    LINDA SINGER
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    /s/ Phillip A. Lattimore, III /s/
    PHILLIP A. LATTIMORE, III [422968]
    Chief, General Litigation Section III

/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov