UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW INGRAM, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1262 (EGS) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

<u>DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE
COMPLAINT</u>

Defendant District of Columbia, through counsel, hereby opposes plaintiff's motion for

leave to file an amended complaint to add a claim of negligent supervision and retention. The

proposed amendment is futile because such claim would be properly dismissed as redundant and

unnecessary in any event. This Court should also deny leave to amend based on undue delay

since plaintiff is seeking to add this claim well after the conclusion of discovery. This undue

delay has also caused unfair prejudice to defendant by affecting the course of discovery,

including the defendant's deposition of plaintiff's expert.


I.    INTRODUCTION

Plaintiff brings this action alleging that on September 27, 2005, a "near riot erupted" in

the D.C. Jail's South One cellblock, where plaintiff was being held along with other "high

security" inmates. (Compl. ¶ 4, 14). Plaintiff alleges that, during this riot, he was assaulted and

battered by correctional officers, including Sergeants Melvin Reese and Dancy Simpson.

(Compl. ¶ 5). Denying these allegations, the District contends that plaintiff and other inmates

participating in the riot barricaded their cells, sprayed feces and urine at correctional officers, flooded the cellblock, and physically resisted correctional officers' legitimate efforts to restore order.

Plaintiff's original complaint raised three counts: (1) negligence, (2) assault and battery, and (3) civil rights violations. The negligence count contended that correctional "officers negligently used excessive force on plaintiff." (Compl. ¶ 17). Among the several depositions during discovery, plaintiff deposed Sergeants Reese and Simpson on March 12, 2007, and Major Stanley Waldren on June 12, 2007. Discovery concluded on August 14, 2007, with the deposition of the plaintiff's corrections expert, E. Eugene Miller. On September 28, 2007, and pursuant to the Court's scheduling order, defendant filed a motion for partial summary judgment with regard to plaintiff's negligence count. After filing an opposition to the defendant's motion on October 26, 2007, plaintiff filed the present motion to amend the complaint.

Plaintiff's proposed amended complaint adds a fourth count of negligent supervision and retention. As the basis for this new negligence count, plaintiff claims that the District violated the applicable standard of care by employing Sergeant Reese as a correctional officer or permitting him to be assigned to the South One cellblock, given Sergeant Reese's prior conviction on an unrelated misdemeanor. (Am. Compl. ¶ 29-32). The District hereby opposes plaintiff's requested amendment for the reasons stated below.


II.    ARGUMENT

Leave to amend pleadings "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), absent "any apparent or declared reason – such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility

of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). In this case, several of these

factors – including undue delay, prejudice, and futility – warrant denial of plaintiff's motion for

leave to amend his complaint.

        A.      Plaintiff's Motion for Leave to Amend Should Be Denied Based on Futility Because the Amendment Seeks To Add a New Negligence Claim That Is Redundant and Unnecessary.

This Court properly exercises its discretion "to deny a motion to amend on grounds of

futility where the proposed pleading would not survive a motion to dismiss." National Wrestling

Coaches Ass'n v. Department of Educ., 366 F.3d 930, 945 (D.C. Cir. 2004); accord James

Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) (affirming district court's denial

of proposed amendment to add due process claims as futile since the "undisputed facts"

established no due process violation). In this case, plaintiff's motion to amend is futile because

the added claim of negligent supervision and retention would be properly dismissed even if the

amendment were allowed.

Plaintiff's claim of negligent supervision and retention would be properly dismissed

because it is simply a redundant form of the District's vicarious liability for the alleged assault

and battery. A claim of negligent supervision and retention is redundant and unnecessary

because the District has already conceded scope of employment and thus the District is liable for

any alleged assault and battery committed by its correctional officers under a theory of

respondeat superior. Because plaintiff has no need to offer proof of negligent supervision and

retention as an alternative form of vicarious liability, any such claim of negligent supervision

and retention should be dismissed on the merits even if presently pled.

The D.C. Court of Appeals has noted the "considerable authority for the principle that negligent supervision, while an independent tort directed to the conduct of the employer, requires logically antecedent proof of a tort committed by the supervised employee." Daka v. McCrae, 839 A.2d 682, 693 & n.12 (D.C. 2003), citing Grego v. Meijer, Inc., 187 F. Supp. 2d 689, 694 (W.D. Ky. 2001) ("the tort of negligent supervision is a second tort that derives from a tort committed by the person negligently supervised"), Schulze v. Meritor Auto., 163 F. Supp. 2d 599, 616 (W.D.N.C. 2000) (granting summary judgment on negligent supervision claim where "there simply [was] no evidence that the acts of [the employees] were violative of state or federal law"), and Schoff v. Combined Ins. Co. of America, 604 N.W.2d 43, 53 (Iowa 1999) ("an employer cannot be held liable for negligent supervision or training where the conduct that proper supervision or training would have avoided is not actionable against the employee"). Thus, in this case, a negligent supervision and retention claim would first require proof of an assault and battery.

Because the District concedes scope of employment on plaintiff's assault and battery claim, plaintiff has no basis for a negligent supervision and retention claim. "[W]here the liability of the principal for the conduct of its agents is not disputed, it was not incumbent upon the trial court to admit evidence of [negligent training or supervision] ultimately to establish a matter conceded." Curry v. Giant Food Company of the District of Columbia, 522 A.2d 1283, 1290 (D.C. 1987). Because the defendant acknowledged respondeat superior liability for the acts of its employees, Curry held that the trial court properly excluded as "irrelevant" evidence that defendant's employees were negligently trained and supervised. Id. at 1289. Thus, where respondeat superior liability is uncontested, a negligent supervision or retention claim should be dismissed. See, e.g., Scroggins v. Yellow Freight Systems, Inc., 98 F. Supp.2d 928, 931 & n.3 (E.D. Tenn. 2000) (where agency relationship is admitted, evidence of negligent hiring and retention is not

only irrelevant and unnecessary but "would merely serve to prejudice the employer"); Tindall v. Enderle, 162 Ind. 524, 320 N.E.2d 764, 768 (1974) (declaring that "proof of the additional elements of negligent hiring under such circumstances is not relevant to the issues in dispute, is wasteful of the courts' time and may be unnecessarily confusing to a jury").

Because a claim of negligent supervision and retention would be properly dismissed as redundant and unnecessary, leave to amend the complaint to add such claim should be denied based on futility.

B.    Even Assuming the Amended Complaint States a Separate, Valid Claim of Negligent Supervision and Retention, This Court Should Deny Plaintiff's Motion To Amend Based on Undue Delay and the Resulting Prejudice to Defendant.

In the alternative, the proposed amendment should be denied based on undue delay and the resulting prejudice to the defendant.  Standing alone, "undue delay is a sufficient reason for denying leave to amend."  Atchinson v. District of Columbia, 73 F.3d 418, 426 (D.C. Cir. 1996), citing Doe v. McMillan, 566 F.2d 713, 720 (D.C. Cir. 1977).  Unfair prejudice is another related basis for denying a motion to amend a complaint.  See Atchinson, 73 F.3d at 426.  Unfair prejudice can result where the amendment, if it had been made earlier, would have affected the course of discovery or altered the strategy and nature of the defense.  Id. at 426.

Plaintiff unduly delayed his request to add this new negligence claim until after discovery closed and defendant filed its partial summary judgment motion.  In fact, plaintiff could have raised his negligent supervision and retention claim in his original complaint, since plaintiff was aware at that time of Sergeant Reese's prior misdemeanor conviction.  (Compl. ¶ 11).  Plaintiff now alleges that, due to the conviction, the applicable standard of care prohibited the District from continuing Sergeant Reese's employment or assigning him to that particular cellblock.

(Am. Compl. ¶ 29-32). This allegation about the standard of care could have been made in plaintiff's original complaint, and thus plaintiff should have raised his claim of negligent supervision and retention at that time.

At the very least, plaintiff should have amended his complaint before the close of discovery to avoid undue prejudice to the District. Although plaintiff claims that he now wishes to add a count of negligent supervision and retention "to conform the complaint to evidence uncovered during the course of discovery," plaintiff does not explain the specific evidence uncovered in discovery that first put him on notice of a negligent supervision and retention claim. (Mot. 6). While plaintiff's motion indirectly refers to portions of the deposition transcripts of Sergeant Reese and Major Stanley Waldren, plaintiff took those depositions on March 12 and June 12, 2007, respectively. Even assuming those depositions revealed some critical new evidence relevant to a negligent supervision and retention claim, plaintiff did not seek leave to amend his complaint until several months later, on November 1, 2007, well after the close of discovery. He offers no excuse or reason for this lengthy delay.

Moreover, the District is unfairly prejudiced by plaintiff's undue delay in seeking the amendment. At the close of discovery in August, the District deposed plaintiff's corrections expert, E. Eugene Miller. Because plaintiff had not proposed amending his complaint at that time, the District was not prepared to depose the expert on a claim of negligent supervision and retention. While the District happened to ask questions in the deposition regarding the propriety of employing and assigning Sergeant Reese, the District did not cover the topic as fully as it would have if it knew that it could be held liable on a separate negligent supervision and retention claim. It is fundamentally unfair to allow plaintiff to withhold certain claims until after discovery concludes, especially claims that are dependent on expert testimony, thereby depriving

the defendant of an adequate opportunity to inquire of such complex areas in the course of discovery and to seek the assistance of its own experts in rebuttal. The District has therefore been prejudiced in its defense by this undue and unjustifiable delay.

III.     CONCLUSION

For the foregoing reasons, this Court should deny plaintiff's motion for leave to amend his complaint.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Phillip A. Lattimore, III /s/
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Section III


/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email: carl.schifferle@dc.gov