UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW INGRAM, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1262 (EGS) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

DEFENDANT'S MOTION TO DISMISS COUNT IV OF THE AMENDED COMPLAINT

Defendant District of Columbia, through counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves this Court to dismiss Count IV of plaintiff's amended complaint for failure to state a claim upon which relief can be granted.

A memorandum of points and authorities in support of this motion is attached hereto and incorporated by reference.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ *Phillip A. Lattimore, III*_____
Phillip A. Lattimore, III [422678]
Chief, General Litigation Sec. III

/s/ *Kerslyn D. Featherstone*_____
KERSLYN D. FEATHERSTONE [478758]
Assistant Attorney General
Sixth Floor South

                                441 4th Street, N.W., Suite 600
                                Washington, D.C. 20001
                                (202) 724-6600 (office)
                                (202) 727-3625 (fax)
                                E-Mail: Kerslyn.Featherstone@dc.gov

By:                   /s/ Carl J. Schifferle /s/
                                CARL J. SCHIFFERLE [463491]
                                Assistant Attorney General
                                Suite 600S
                                441 Fourth Street, N.W.
                                Washington, D.C. 20001
                                (202) 724-6624
                                (202) 727-3625 (fax)
                                Email:  carl.schifferle@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW INGRAM, JR.,           ) | |
|                                  ) | |
|       Plaintiff,                     ) | |
|                                  ) | |
| v.                                     ) | Civil Action No. 06-1262 (EGS) |
|                                  ) | |
| DISTRICT OF COLUMBIA,       ) | |
|                                  ) | |
|       Defendant.                 ) | |
|                                  ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNT IV OF THE AMENDED COMPLAINT

I.      INTRODUCTION

Plaintiff brings this action alleging that on September 27, 2005, a "near riot erupted" in the D.C. Jail's South One cellblock, where plaintiff was being held along with other "high security" inmates. (Compl. ¶ 4, 14). Plaintiff alleges that during this riot he was assaulted and battered by correctional officers, including Sergeants Melvin Reese and Darcy Simpson. (Compl. ¶ 5). Denying these allegations, the District contends that plaintiff and other inmates participating in the riot barricaded their cells, sprayed feces and urine at correctional officers, flooded the cellblock, and physically resisted correctional officers' legitimate efforts to restore order.

Plaintiff's original complaint raised three counts: (1) negligence, (2) assault and battery, and (3) civil rights violations. After the close of discovery and the filing of defendant's motion for partial summary judgment, plaintiff moved to amend his complaint to add a fourth count of negligent supervision and retention. As the basis for this new negligence count, plaintiff alleged

3

that the District violated the applicable standard of care by employing Sergeant Reese as a correctional officer or permitting him to be assigned to the South One cellblock, given Sergeant Reese's prior conviction on an unrelated misdemeanor. (Am. Compl. ¶ 29-32). Citing the liberal standards of Rule 15(a)(2), the Court permitted the amended complaint on January 30, 2008. In response to the amended complaint, the District now moves to dismiss the new count for failure to state a claim upon which relief can be granted.

II.    ARGUMENT

Plaintiff's claim of negligent supervision and retention (Count IV) should be dismissed because it is a redundant form of the District's vicarious liability for the alleged assault and battery. A claim of negligent supervision and retention is redundant and unnecessary because the District has already conceded scope of employment and thus the District is liable for any alleged assault and battery committed by its correctional officers under a theory of respondeat superior. Because plaintiff has no need to offer proof of negligent supervision and retention as an alternative form of vicarious liability, any such claim of negligent supervision and retention should be dismissed.

The D.C. Court of Appeals has noted the "considerable authority for the principle that negligent supervision, while an independent tort directed to the conduct of the employer, requires logically antecedent proof of a tort committed by the supervised employee." Daka v. McCrae, 839 A.2d 682, 693 & n.12 (D.C. 2003), citing Grego v. Meijer, Inc., 187 F. Supp. 2d 689, 694 (W.D. Ky. 2001) ("the tort of negligent supervision is a second tort that derives from a tort committed by the person negligently supervised"), Schulze v. Meritor Auto., 163 F. Supp. 2d 599, 616 (W.D.N.C. 2000) (granting summary judgment on negligent supervision claim where "there simply [was] no

4

evidence that the acts of [the employees] were violative of state or federal law"), and Schoff v. Combined Ins. Co. of America, 604 N.W.2d 43, 53 (Iowa 1999) ("an employer cannot be held liable for negligent supervision or training where the conduct that proper supervision or training would have avoided is not actionable against the employee"). Thus, in this case, a negligent supervision and retention claim would first require proof of an assault and battery.

Because the District concedes scope of employment on plaintiff's assault and battery claim, plaintiff has no basis for a negligent supervision and retention claim. "[W]here the liability of the principal for the conduct of its agents is not disputed, it was not incumbent upon the trial court to admit evidence of [negligent training or supervision] ultimately to establish a matter conceded." Curry v. Giant Food Company of the District of Columbia, 522 A.2d 1283, 1290 (D.C. 1987). Because the defendant acknowledged respondeat superior liability for the acts of its employees, Curry held that the trial court properly excluded as "irrelevant" evidence that defendant's employees were negligently trained and supervised. Id. at 1289. Thus, where respondeat superior liability is uncontested, a negligent supervision or retention claim should be dismissed. See, e.g., Scroggins v. Yellow Freight Systems, Inc., 98 F. Supp.2d 928, 931 & n.3 (E.D. Tenn. 2000) (where agency relationship is admitted, evidence of negligent hiring and retention is not only irrelevant and unnecessary but "would merely serve to prejudice the employer"); Tindall v. Enderle, 162 Ind. 524, 320 N.E.2d 764, 768 (1974) (declaring that "proof of the additional elements of negligent hiring under such circumstances is not relevant to the issues in dispute, is wasteful of the courts' time and may be unnecessarily confusing to a jury.")

Because plaintiff's additional count of negligent retention and supervision is redundant and unnecessary, it should be dismissed.

III.    CONCLUSION

For the foregoing reasons, this Court should dismiss Count IV of the amended complaint for failure to state a claim upon which relief can be granted.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        /s/ *Phillip A. Lattimore, III*_____
        Phillip A. Lattimore, III [422678]
        Chief, General Litigation Sec. III

        /s/ *Kerslyn D. Featherstone*_____
        KERSLYN D. FEATHERSTONE [478758]
        Assistant Attorney General
        Sixth Floor South
        441 4th Street, N.W., Suite 600
        Washington, D.C. 20001
        (202) 724-6600 (office)
        (202) 727-3625 (fax)
        E-Mail: Kerslyn.Featherstone@dc.gov

By:    /s/ Carl J. Schifferle /s/_____
        CARL J. SCHIFFERLE [463491]
        Assistant Attorney General
        Suite 600S
        441 Fourth Street, N.W.
        Washington, D.C. 20001
        (202) 724-6624
        (202) 727-3625 (fax)
        Email: carl.schifferle@dc.gov