UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MATTHEW INGRAM, JR. | : | |
| | : | |
| | : | |
| Plaintiff | : | |
| | : | 1:06-cv-01262 |
| v. | : | EGS |
| | : | |
| THE DISTRICT OF COLUMBIA | : | |
| | : | |
| Defendant. | | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT IV OF THE AMENDED COMPLAINT**

**A. Introduction**

Defendant has moved to dismiss Count IV of the Amended Complaint based on its assertions that it has conceded scope of employment for the actions of the correctional officers in this case and that therefore, any evidence of negligent supervision, training or retention is not permitted under District of Columbia law. Plaintiff disagrees. Accordingly, the court is invited to consider the following.

**B. The District Has Not Conceded Scope Of Employment**

The District asserts that it has conceded that the actions of the guards was within the scope of their employment. An examination of the pleadings

reveals that this is not the case. In Paragraph 5 of the original complaint plaintiff alleged:

> On or about September 27, 2005, at around 11:45am, Mr. Ingram an inmate who was being held on South One, was seized by Sergeants Simpson and Melvin Reese along with other attending Correctional Facility officers and was severely punched, kicked, stomped and thrown down steps all while being handcuffed and chained and thus unable to defend or brace himself. He was then dragged into a nearby Sally port, where Sgt. Simpson proceeded to strike Mr. Ingram on the back of his head with his flashlight and continued to brutally punch and kick him. These acts occurred while the officers were on duty and acting within the scope of their employment.

The District answered and in Paragraph 5, stated:

> Defendant admits that on September 27, 2005 around 11.45 a.m. plaintiff was an inmate held on South One and participated in a riot or disturbance. ***Plaintiff's allegations regarding scope of employment state conclusions of law or of the pleader to which no response is required.*** Defendant denies the remaining allegations in Paragraph 5 of the complaint. (italics and bold not in original)

Hence, the District has not in fact, conceded scope of employment as it now claims.

**C.  The Case Law Relied Upon By The District Only Applies Where Scope Of  Employment Is Conceded**

The District  relies principally, upon *Curry v. Giant Food Co.*, 522 A.2d 1283, 1290 (1987).  In that case, the court held that "….where the liability of the principal for the conduct of its agents is not disputed, it was not incumbent upon the trial court to admit evidence ultimately to establish a matter conceded."   In this case, though, because the District has not conceded scope of employment, this holding clearly does not apply,

**D.  Even If, Arguendo,  Scope Of Employment Is Conceded, The Court Is Not Required To Dismiss the Independent Torts Of  Negligent Supervision, Negligent Retention And Negligent Job Assignment**

As the language used in  *Curry v. Giant Food Co.*, 522 A.2d 1283, 1290 (1987), makes clear, the court was not setting forth a rigid rule of law but rather a flexible standard which could vary from case to case.  It said that on the facts present in that case, "….it was not incumbent upon the trial court to admit evidence ultimately to establish a matter conceded." Because it was not "incumbent" on the trial court, it was not mandatory that it admit such evidence. This clearly speaks to a matter within the court's discretion rather than to a mandatory rule of  law. [1]

---

[1] *Modern Legal Usage Copr. 1990 Bryan A. Garner, Oxford Univ. Press, Inc.*
**ENTRY: incumbent** upon or *on* has become a CLICHE as a way of expressing a duty or obligation. E.g., "If, however, a valid reason exists for the retention of a fund by the executor, it is *incumbent upon* him not to permit such fund to remain idle, but to invest it."

3

Cases which have followed *Curry, supra,* have made clear that the rationale is to avoid the presentation of unnecessary evidence. *Rogala v. District of Columbia*, 333 U.S. App. D.C. 145, 157 n.9, 161 F.3d 44, 56 n.9 (1998). In this case though, excluding such claims will not result in evidence of prior problems with the guards, and negligent supervision of them from coming into the case. Evidence of Sgt Melvin Reese's earlier brutality is likely to come into the case anyway. In paragraph 24 of the amended complaint, plaintiff alleges his conduct was part of a policy and custom of brutal behavior by officers assigned to plaintiff's cellblock which was well known to the District of Columbia, and included, routinely using mace on prisoners, beating them without justification and humiliating them with unnecessary strip searches. Paragraph 24 is part of Count III which alleges Civil Rights violations by the District of Columbia.

Plaintiff has also alleged that the District was negligent in assigning Sgt Reese to South One, an administrative segregation block, when he had two 2004 criminal convictions for attempted threats. Plaintiff also alleges that due to abuse, his power to use "mace" on prisoners had earlier been suspended. Despite this, he was still assigned to South One, the most difficult housing unit in the Jail. Plaintiff alleges that to assign someone with this history to South One, was negligent. Hence, the theory is negligent job assignment. Not one of the cases relied upon by defendant address such a

4

theory. Moreover, evidence of the assignment of such a person, to such a position would also be relevant to plaintiff's civil rights claims.

Also, it seems quite likely that evidence of Reese's prior bad acts would be admissible under Fed Rules Evid R 404(b). This provides: (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial. Evidence of Reese's prior brutality would appear to come in under several categories, including, to prove intent, motive, or absence of mistake or accident. See: *Curry v. United States*, 793 A.2d 479 (D.C. 2002)

In sum, on any number of theories, such evidence is likely to be center and fore, in the trial of this case. The principal objective of the holding in *Curry v. Giant Food Co.,* 522 A.2d 1283 (1987), to avoid the presentation of unnecessary evidence, simply will not apply in this case, because much of that evidence will probably come in anyway.

5

E. **Conclusion**

The defendant's motion should be denied. The District has not, as claimed, conceded scope of employment. Even if it has, or does, the court is not required to follow the holding in *Curry v. Giant Food Co.,* 522 A.2d 1283 (1987) and *Rogala v. District of Columbia*, 333 U.S. App. D.C. 145, 157 n.9, 161 F.3d 44, 56 n.9 (1998) and should not do so in this case because such a ruling by the court would not simplify the presentation of evidence. Under such circumstance, the District should not be permitted to enjoy a "free ride" on some of its multiple acts of negligence in this case.

>
> Respectfully submitted,
>
> */s/Geoffrey D. Allen*
> Geoffrey D. Allen, Esq.
> D.C. Bar No. 288142
> 1730 Rhode Island Ave. N.W.
> Suite 206
> Washington, D.C.  20036
> (202) 778-1167

**Certificate of Service**

I certify that a copy of this Opposition to Defendants' Motion To Dismiss and/or Summary Judgment has been electronically served on defence counsel, Carl Schifferle, and Kerslyn Featherstone, this 13th day of March 2008.

>
> */s/ Geoffrey  D. Allen*
> Geoffrey D. Allen

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MATTHEW INGRAM, JR.** | : |
| | : |
| **Plaintiff** | : |
| | : 1:06-cv-01262 |
| v. | : |
| | : |
| **THE DISTRICT OF COLUMBIA** | : |
| | : |
| **Defendant.** | |

## ORDER

This matter comes before the court on Defendant's Motion to Dismiss Count IV of the Amended Complaint and Plaintiff's Opposition thereto. Having considered the motion, the court, this ___ day of _____, 2008, hereby,

ORDERS, that the motion be and hereby is DENIED.

_____

Judge Sullivan