THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MATTHEW INGRAM, JR.,            )
                                )
    Plaintiff,                  )
                                )  Civil Action No.: 06-1262 (EGS)
      v.                      )
                                )
THE DISTRICT OF COLUMBIA,       )
                                )
    Defendant.                  )
_____)

## DEFENDANT DISTRICT OF COLUMBIA'S ANSWER
## TO THE FIRST AMENDED COMPLAINT

Defendant, District of Columbia ("defendant"), through the undersigned counsel, hereby responds to plaintiff's First Amended Complaint. The District asserts that anything not specifically admitted herein is denied, and answers the First Amended Complaint as follows:

### First Defense

The First Amended Complaint fails to state a claim upon which relief may be granted.

### Second Defense

The District states the following in response to the individually numbered paragraphs in the First Amended Complaint.

### I. Jurisdiction

1. Defendant acknowledges the statute cited in paragraph 1 of the First Amended Complaint but denies all liability thereunder. Defendant lacks sufficient

knowledge or information to admit or deny the existence of any injuries alleged in paragraph 1 of the First Amended Complaint.

2. Defendant acknowledges the statute cited in paragraph 2 of the First Amended Complaint but denies that jurisdiction is conferred therefrom.

## II. Parties

3. Admitted.

## III. Factual Background

4. Admitted.

5. Defendant admits that on September 27, 2005, at approximately 11:45 a.m., plaintiff was an inmate being held on South One and that plaintiff participated in a riot or disturbance. Plaintiff's allegations regarding scope of employment state conclusions of law or of the pleader to which no response is required. Defendant denies the remaining allegations contained in paragraph 5 of the First Amended Complaint.

6. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 6 of the First Amended Complaint.

7. Denied.

8. Defendant denies the allegations contained in paragraph 8 and demands strict proof thereof at trial.

9. Defendant denies the allegations contained in paragraph 9 and demands strict proof thereof at trial.

10. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 10 of the First Amended Complaint.

11. Defendant admits that Sergeant Reese was found guilty of misdemeanor attempted threats; however, defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph 11 of the First Amended Complaint.

12. Defendant admits that Sergeant Reese worked in South One for a time period in 2005; however, the remaining allegations in paragraph 12 of the First Amended Complaint contain conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant lacks sufficient knowledge or information to admit or deny the allegations contained therein.

13. Defendant denies that Sergeant Reese and other officers used mace in inappropriate ways and the remaining allegations in paragraph 13 of the First Amended Complaint contain conclusions of law or of the pleader to which no response is required.  To the extent a response is required, defendant lacks sufficient knowledge or information to admit or deny the allegations contained therein.

14. Admitted.

15. Admitted.

16. The allegations contained in paragraph 16 of the First Amended Complaint contain conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant lacks sufficient knowledge or information to admit or deny the allegations contained therein.

17. The allegations contained in paragraph 17 of the First Amended Complaint contain conclusions of the pleader to which no response is required.

18. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 18 of the First Amended Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the First Amended Complaint, except that it admits that plaintiff and other inmates engaged in a riot or disturbance in South One on September 27, 2005.

20. The allegations contained in paragraph 20 of the First Amended Complaint contain conclusions of law or of the pleader to which no response is required. The District admits that the video was not functioning on September 27, 2005. Defendant denies the remaining allegations contained in paragraph 20 of the First Amended Complaint and demands strict proof at trial.

Count One – Negligence

21. Defendant incorporates by reference its responses to paragraphs 1-20 of the First Amended Complaint.

22. The allegations contained in paragraph 22 of the First Amended Complaint contain conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

23. The allegations contained in paragraph 23 of the First Amended Complaint contain conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

Count Two – Assault & Battery

24. (19) [1] Defendant incorporates by reference its responses to paragraphs 1-23 of the First Amended Complaint.

25. (20) The allegations contained in paragraph 20 of the First Amended Complaint contain conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

26. (21) The allegations contained in paragraph 21 of the First Amended Complaint contain conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

Count Three – Civil Rights

27. (22) Defendant incorporates by reference its responses to paragraphs 1-26 of the First Amended Complaint.

28. (23) The allegations contained in paragraph 23 of the First Amended Complaint contain conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

29. (24) Denied.

30. (25) The allegations contained in paragraph 25 of the First Amended Complaint contain conclusions of law or of the pleader to which no response is required. To

---

[1] Plaintiff's First Amended Complaint reverts to #19; however, defendant shall respond in the correct sequential order and reference plaintiff's corresponding paragraphs in ( ).

the extent a response is required, defendant denies the allegations and demands strict proof at trial.

31. (26) The allegations contained in paragraph 26 of the First Amended Complaint contain conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

32. (27) The allegations contained in paragraph 27 of the First Amended Complaint contain conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

Count Four – Negligence

33. (28) Defendant incorporates by reference its responses to paragraphs 1-32 of the First Amended Complaint.

34. (29) Defendant admits that Sergeant Melvin Reese was employed as a correctional officer assigned to South One during 2005; however, defendant denies the remaining allegations in paragraph 29 in the First Amended Complaint and demands strict proof at trial.

35. (30) The allegations contained in paragraph 30 of the First Amended Complaint contain conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant denies the allegations contained therein.

36. (31) The allegations contained in paragraph 28 of the First Amended Complaint contain conclusions of law or of the pleader to which no response is required. To

the extent a response is required, defendant denies the allegations and demands strict proof at trial.

37. (32) The allegations contained in paragraph 32 of the First Amended Complaint contain conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant denies the allegations and demands strict proof at trial.

Any allegations not expressly admitted herein are denied.

### Second Defense

Plaintiff may have failed to mitigate his injuries and/or damages.

### Third Defense

Plaintiff may have failed to satisfy the mandatory notice requirements of D.C. Code §12-309.

### Fourth Defense

Defendant is entitled to absolute immunity, qualified immunity, governmental immunity, and/or discretionary function immunity.

### Fifth Defense

The actions of the defendant, its agents, servants and employees were taken in good faith and with reasonable belief in their lawfulness.

### Sixth Defense

If the plaintiff was injured and/or damaged as alleged in the First Amended Complaint, such injuries or damages were the result of his own unlawful, wanton, willful or reckless conduct, sole or contributory negligence and/or assumption of the risk.

## Seventh Defense

Plaintiff may have failed to exhaust all his administrative remedies.

## Eighth Defense

If the plaintiff was injured and/or damaged as alleged in the First Amended Complaint, said injuries and/or damages resulted from the sole or concurring intentional conduct of a person or persons other than the District, its employees, agents, or servants acting within the scope of their employment.

## Ninth Defense

If plaintiff was injured and/or damaged as alleged in the First Amended Complaint, said injuries and/or damages resulted from the sole or concurring negligence of a person or persons other than the District, its employees, agents, or servants acting within the scope of their employment.

## Tenth Defense

The District, its agents, servants, and/or employees acting within the course and scope of their employment, performed their obligations, if any, toward plaintiff in accord with all applicable statutory, regulatory, constitutional, and common law requirements.

## Eleventh Defense

All actions performed by the District, its employees, servants, or agents acting within the scope of their employment, met or exceeded the applicable standard of care.

Twelfth Defense

Plaintiff's claim might be barred by the doctrine of laches, waiver, estoppel or the applicable statute of limitations.

Thirteenth Defense

The District intends to rely upon the defenses properly available from the evidence that arises from discovery, from testimony at trial, or from other sources. The District expressly reserves its right to assert or amend such defenses as the facts become known.

SET-OFF

The District asserts a set-off for all funds and services provided to the plaintiff through Medicare, Medicaid, public assistance, or other sources.

WHEREFORE, the District prays the Court will dismiss the First Amended Complaint and award the District the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

JURY TRIAL DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

Dated July 31, 2008.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

*/s/ Toni Michelle Jackson*
TONI MICHELLE JACKSON [453765]
Chief, General Litigation Section III

*/s/ Vanessa E. Atterbeary*
VANESSA E. ATTERBEARY [478070]
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S-070
Washington, D.C. 20001
(202) 727-9624
(202) 727-3625 (fax)
Email: Vanessa.Atterbeary@dc.gov